IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dean C. Oblinger,

    Plaintiff,

v.

Michael J. Astrue,
Commissioner of
Social Security,

    Defendant.

Case No. 2:11-cv-623

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

This social security case is before the Court to consider plaintiff's application for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. The Commissioner has filed a memorandum opposing the application, and plaintiff has filed a reply. For the following reasons, the motion for fees will be granted.

I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United

States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II.

In this case, the Commissioner does not offer any argument on the question of whether his litigation position was substantially justified. Since it is the Commissioner's burden to demonstrate that such substantial justification existed, the Court must resolve that issue in plaintiff's favor. The Commissioner does object, however, to any award of fees based on a hourly rate in excess of $125.00, citing numerous decisions from this Court, and the Court of Appeals' decision in Bryant v. Com'r of Social Security, 578 F.3d 443, 450 (6th Cir. 2009), for the proposition that without specific evidence - usually in the form of affidavits from attorneys in the relevant practice area and community, or bar association surveys concerning customarily hourly rates - the Court may not increase the hourly rate for an EAJA award beyond that base figure. Were the Court to award plaintiff the total amount of fees he has asked for, $3,731.75, the hourly rate would come out to between $181.00 and $185.00.

In his reply, plaintiff has addressed the claimed deficiencies in his fee petition by attaching a bar association survey indicating that the average hourly rate for attorneys in this area equals or exceeds the rate requested by counsel. The reply also notes that the rate requested was derived by using the applicable Consumer Price Index to increase the $125.00 rate. Finally, plaintiff points out that such information has been used by this Court in the past as a basis for increasing that rate, citing to Boop v. Comm'r of Social Security, Case No. 3:10-cv-0022 (S.D. Ohio March 11, 2011). In fact, this Court has routinely accepted this same bar association survey and, taking into account the cost of living information as well, has increased the $125.00 rate in other cases under the EAJA. See, e.g., Shackelford v. Commissioner of Social Sec., 2012 WL 1156422 (S.D. Ohio April 6, 2012), adopted and affirmed 2012 WL 1656964 (S.D. Ohio May 10, 2012); see also Teel v. Commissioner of Social Sec., 2012 WL 1940627 (S.D. Ohio May 29,

2012), adopted and affirmed 2012 WL 2408716 (S.D. Ohio June 26, 2012).

Because the evidence submitted by plaintiff adequately addresses the Commissioner's concerns, and because the Commissioner has not sought leave to file a surreply to address the sufficiency of this new evidence, the Court finds that plaintiff's motion, as supplemented, supports a fee award in the amount requested. Plaintiff's motion for fees (Doc. 22) is therefore **GRANTED**. Plaintiff is awarded attorneys' fees of $3,731.75, plus costs of $350.00, under the Equal Access to Justice Act. The award shall be payable to the plaintiff unless the Social Security Administration can verify that plaintiff owes no pre-existing debt subject to offset and agrees to make payment directly to plaintiff's attorney.

**IT IS SO ORDERED.**

8-6-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**